**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **HOPE ELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **v.** | ) | |
| | ) | 1:19-cv-417-HSO-JCG |
| **OLE BILOXI FILLIN'** | ) | |
| **STATION LLC, and R&M** | ) | |
| **PROPERTIES, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

## I.   INTRODUCTION

Plaintiff, Hope Elly files this Title III, ADA action, pursuant to 42 U.S.C. §12181, et. seq. In Count One of the Complaint, Plaintiff seeks to enjoin the Defendants to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendants to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendants' use of the premises to provide full and equal enjoyment of the premises to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin the Defendants' failure to remove barriers and alter the facility to be readily accessible to and usable by individuals with disabilities.

## II.   JURISDICTION, PARTIES, AND ARTICLE III STANDING

**1)**     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its

implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

    **2)**      Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

    **3)**      Plaintiff, Hope Elly, resides in Grand Bay, Alabama. She has experienced cerebrovascular accidents, more commonly known as strokes.  Both her motor and sensory functions are affected, resulting in weakness and/or muscle paralysis. Therefore, maintaining balance, walking, and the ability to use her hands are extremely impaired. As a result of her disability, she relies on a walker or wheelchair for mobility. She is limited in her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102(2)(A). Ms. Elly is, accordingly, a person with a disability, in that she has a physical impairment substantially limiting one or more major life activities.  42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

    **4)**      Plaintiff, Hope Elly, resides about an hour's drive from The Fillin' Station and vacations at least once per year on the Mississippi Gulf Coast. When she has visited the Biloxi, Mississippi area, she has visited the Fillin' Station because she enjoys the food and drink offered as well as the historic character of the facility and the proximity to the beach and local entertainment such as casinos. She has definite plans to return to The Fillin' Station during 2019 to enjoy its amenities and verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, and the difficulty she experienced when attempting to access the bar, dining areas and restrooms.[1]

---

[1] The Eleventh Circuit, held in <u>*Houston v. Marod Supermarkets*</u>, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied "*there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store.*"

5)       Defendant, R&M Properties, LLC, (hereinafter "R&M") is a corporation that is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction.  Upon information and belief, R&M "owns" and "leases" the real property and improvements located at 692 Howard Avenue, Biloxi, MS 39530 (hereinafter "The Fillin' Station"). 42 U.S.C. § 12182.  As a restaurant and bar, a place serving food and drink, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

6)       Defendant, Ole Biloxi Fillin' Station LLC, is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction.  Upon information and belief, Ole Biloxi Fillin' Station LLC "operates" and/or "leases" the real property and its improvements located at 692 Howard Avenue, Biloxi, MS 39530, i.e., "The Fillin' Station".  42 U.S.C. § 12182.  As a restaurant and bar, a place serving food and drink, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

7)       Because of the various types of barriers described below, Plaintiff has been denied full and equal enjoyment of the Defendants' premises solely on the basis of her disabilities.

8)       Plaintiff, accordingly, has Article III standing to pursue this case because:  (1) she is a person with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendants' establishment is a place of public accommodation, pursuant to the statutory definition; (3) she has suffered a concrete and particularized injury by being denied access to the establishment by architectural barriers, by policies and practices, and by denial of the use of the establishment for her full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future

injury, as described herein. (See Footnote 1). Furthermore, she has definite plans during 2019 to return to the facility.

### III.   COUNT ONE – FAILURE TO REMOVE ARCHITECTURAL BARRIERS WHEN READILY ACHIEVABLE [42 U.S.C. § 12182(b)(2)(A)(iv)]

9)      Plaintiff is informed and believes based on publicly available information that the facility was constructed for first occupancy prior to the effective date of the 1991 ADA Accessibility Guidelines. However, upon information and belief, the facility was substantially altered in 2009, thereby, triggering the ADA alteration accessibility requirements. 28 CFR § 36.402 and §§ 36.404-36.406.

**<u>Architectural Barriers</u>**

10)     When the Plaintiff visited the restaurant during March 2019, she experienced the following barriers to access for individuals with disabilities:

### A. PARKING

1.  Based on the total number of parking spaces, Defendants have failed to provide the required number of accessible parking spaces, including the number of required van-accessible parking spaces;

2.  Defendants have failed to provide at least one "van" accessible parking space measuring 132 inches wide with a 60-inch-wide adjacent access aisle, or alternatively, measuring 96 inches wide with a 96-inch-wide adjacent access aisle;

3.  Defendants have failed to provide required signage designating accessible parking and van accessible parking, including the required height, placement and proper designation of signage displaying the international symbol of accessibility;

4

**B. PATH OF TRAVEL FROM PARKING LOT TO ENTRANCE**

1. The ramp from the parking lot to the entrance does not have a level landing at the bottom as required by the Standards;

2. The landing at the top of the ramp is not smooth, or slip resistant, and its use is obstructed by signs and moveable items;

3. Transitions at doors contain changes in level which are too steep, and the floor surface is not smooth;

4. Floor mats inside and outside the facility fail to be maintained in conformance with the Standards, as they are not stable, firm, or otherwise secured to the floor;

**C. ENTRANCE DOOR HARDWARE**

1. The entrance door hardware operation requires the use of tight grasping, twisting, and/or pinching of the wrist, and, therefore does not comply with the Standards;

**D. OUTDOOR DINING AREA**

1. There are not at least five percent (5%) of the seating spaces and tables disbursed throughout this area with the following required features:

   a. Seating spaces maintaining the required 30x48 inches of clear floor space that is positioned for a forward approach to the dining surface;

   b. Accessible tables with the tops of the dining surfaces measuring 28 inches minimum and 34 inches maximum above the finished floor, including the required 30 inches of clear dining surface;

2. There is no accessible path of travel in and among the tables and seats for a person in a wheelchair to move throughout this area;

**E. INDOOR BAR AND DINING AREA**

1. The height and configuration of the bar is not designed in compliance with the Standards, as there is not a lowered portion with the required knee and toe clearance usable by individuals with mobility impairments;

2. There are not at least five percent (5%) of the seating spaces and tables disbursed throughout this area with the following required features:

   a. Seating spaces maintaining the required 30x48 inches of clear floor space that is positioned for a forward approach to the dining surface;

   b. Accessible tables with the tops of the dining surfaces measuring 28 inches minimum and 34 inches maximum above the finished floor, including the required 30 inches of clear dining surface;

**F. WOMEN'S RESTROOM NEAR BAR**

1. There is insufficient maneuvering clearance at the entrance door;

2. The door swings into the required clear floor space required at the fixtures;

3. The side wall grab bar is not the required length;

4. The flush valve is located on the closed side of the water closet;

5. Due to the configuration of the room, there is insufficient maneuvering clearance at the fixtures;

6. The rear wall grab bar does not extend a minimum of 12 inches from the centerline of the water closet on one side and 24 inches minimum on the other side;

7. The bottom of the reflecting surface of the mirror is above the required reach range;

8. The locking mechanism on the door is placed above the required reach ranges;

### G.  WOMEN'S RESTROOM NEAR SEATING AREA

**1.**  The door swings into the clear floor space required at the fixtures;

**2.**  The entrance door is too narrow;

**3.**  The size and configuration of the room do not provide the required turning space or maneuvering clearance;

**4.**  There are no rear wall or side wall grab bars;

**5.**  There is insufficient clear floor space and/or maneuvering clearance at the water closet;

**6.**  The distance between the centerline of the water closet and the adjacent wall does not comply with the Standards;

**7.**  The lavatory pipes are not insulated;

**8.**  The bottom of the reflecting surface of the mirror is above the required reach range;

**9.**  The paper towel dispenser is placed above the required reach ranges;

**10.** The lavatory faucets require tight grasping and/or twisting of the wrist to operate;

**11)**    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

**12)**    Unless Defendants take remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants on the basis of her disabilities.

**13)**    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  She is entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**14)**     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove the architectural barriers and bring the facility into compliance with the ADA Standards.

## IV.    COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS [42 U.S.C. § 12182(b)(2)(A)(ii)]

**15)**     Plaintiff incorporates by reference and realleges all the paragraphs above.

**16)**     By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access. Removal of architectural barriers as described in Count One is only one component of compliance with the ADA. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

**17)**     Defendants have failed to make modifications in policies, practices, and procedures as follows:

    **a.**   Defendants have demonstrated that they have a policy of non-compliance with the ADA-alteration Standards by the failure to alter the facility in compliance with the applicable Standards.

    **b.**   The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies and/or have failed to create, adopt and/or implement policies and procedures for the removal of architectural barriers.

    **c.**   Defendants' practice of allowing employees to place movable items in the maneuvering clearance at restroom doors and fixtures denies individuals with

disabilities the full use of these areas.

    **d.**   Defendants' policy of failing to provide disbursed accessible seating and tables in the bars and restaurant serving areas demonstrates a policy of excluding customers with disabilities from equal access to all serving areas and the amenities offered in each area;

    **e.**   Defendants' failure to provide accessible parking, signage, accessible restrooms, and an accessible path of travel is further evidence of Defendants' exclusionary policies and practices;

    **f.**   As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendants' existing practice, either explicitly or implicitly, is to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

**18)**    To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

**19)**    Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**20)**    Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these discriminatory policies, practices, and procedures.

**21)**    Therefore, the Plaintiff hereby demands that Defendants both create and adopt a corporate practice and policy that Defendants (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed

from Defendants' establishment; and (b) Defendants will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services offered at the establishment;

## V.    COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT

22)    Plaintiff incorporates by reference and realleges all the paragraphs above.

23)    Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited by the ADA. 42 U.S.C. 12182(a). Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

24)    For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities full and equal enjoyment of the privileges and services offered by the public accommodation. 42 U.S.C. 12182.

25)    Plaintiff was denied full and equal access to the establishment due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

   a.  The lack of accessible parking provides inferior and unequal access to individuals with mobility impairments;

   b.  The inaccessible features of the entrance ramp create unequal travel conditions for Plaintiff and all others similarly situated;

   c.  The height of the indoor bar and the lack of disbursed accessible seating

throughout the bar and dining areas prohibited Plaintiff and other individuals with disabilities from being able to equally access and independently use the seating and service options provided to customers without disabilities;

**d.** The inaccessible features of the restrooms prohibited Plaintiff from equally using the fixtures, the entrance, and other features without assistance and/or without difficulty or personal humiliation or hardship.

**26)** Defendant's continued failure to maintain ADA accessibility as an integral part of the Restaurant atmosphere and experience has segregated or otherwise treated Plaintiff and all others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

**27)** Defendants' conduct and unequal treatment of Plaintiff constitute continuous discrimination in violation of the ADA; 28 C.F.R.§ 36.211(a).

**28)** Absent a Court-ordered injunction, Defendants will continue to deny Plaintiff and all others similarly situated equal access to the goods and services offered at the establishment.

**29)** Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**30)** Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

## VI.   COUNT FOUR – FAILURE TO DESIGN, CONSTRUCT AND ALTER THE FACILITY IN COMPLIANCE WITH ADA STANDARDS [42 U.S.C. § 12183(a)(1)]

**31)**     Plaintiff incorporates by reference and realleges all the paragraphs above.

**32)**     Title III specifically states that for public accommodations discrimination includes "failure to remove architectural barriers . . . in existing facilities" unless it can be shown that removing a barrier is "not readily achievable" or accommodations cannot be provided through other means. (See 42 U.S.C. Section 12182(b)(2)(iv)&(v))

**33)**     The Department of Justice Regulations also provide accessibility Standards for renovating or altering an existing facility, as was done by Defendants at the Fillin' Station in 2009. 28 CFR § 403.

**34)**     To date, architectural barriers remain at the facility due to Defendants' failure to remove readily achievable barriers and/or comply with the ADA Standards when the facility was altered.

**35)**     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

**36)**     Pursuant to 42 U.S.C. § 12188, this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

**WHEREFORE,** premises considered, Plaintiff Hope Elly demands judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

**1)**   That the Court declare that the Defendants as well as all Defendants' illegal actions described herein violate the ADA, as more particularly described above;

12

2) That the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3) That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4) That the Court enter an order directing the Defendants to provide full and equal access to the use of the Restaurant, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5) That the Court enter an order directing the Defendants to remediate Defendants' establishment to the proper level of accessibility required for the design and construction of the facility as outlined in Count Four;

6) That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of this suit, to Plaintiff; and

7) That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date:   July 24, 2019

Respectfully submitted,

PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

BRADLEY D. MCADORY, ESQ.
MS Bar No. 10545
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
BDM@ADA-Firm.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed with the Clerk of Court the aforementioned

Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly

addressed this 24th day of July 2019 to the following:

**R&M PROPERTIES, LLC**
c/o James R. Reeves, Jr., Registered Agent
160 Main Street
P.O. Box 1388
Biloxi, MS 39533

**OLE BILOXI FILLIN' STATION LLC**
c/o Jerry L. Johnston, Jr., Registered Agent
692 Howard Ave
Biloxi, MS 39530

PSHON BARRETT, ESQ.
*Attorney for the Plaintiff*

15